IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY PAPAPIETRO,** | : | Civil No. 3:22-CV-948 |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **BANK OF AMERCIA, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants** | : | |

## ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This is a *pro se* lawsuit which Anthony Papapietro has commenced by the filing of a Notice of Removal, which purports to remove a state mortgage foreclosure case filed in 2017 into federal court. At the time that this case was filed we noted that there appeared to be fatal flaws in this pleading in terms of its timeliness and merits. However, mindful of the teachings of the Court of Appeals, which cautions against any *sua sponte* decision by a district court to order the remand of a removed case, In re FMC Corp. Packaging Sys. Div., 208 F.3d 445, 450 (3d Cir. 2000), we ordered that a copy of this removal petition be served upon counsel for the plaintiff in the underlying state court action:

Patrick Wesner
Parker MCay
9000 Midlantic Drive

1

Suite 300
Mount Laurel, N.J. 08054

We then directed that if the state court plaintiff believed that this Notice of Removal is procedurally or substantively flawed, it should file a motion to dismiss or remand this action to state court on or before **June 30, 2022**. Mr. Papapietro, in turn, was given leave to respond to any such motion no later than **July 15, 2022.**

We have now received correspondence from the plaintiff, (Doc. 6), which we construe as a request for injunctive relief. In this correspondence, the plaintiff indicates that there is a sheriff's sale scheduled in the sate court case on July 13, 2022. The plaintiff asks that we enjoin this sale.

This we cannot do. As another court has recently explained when considering, and denying, a similar request:

> The Anti-Injunction Act prohibits a federal court from enjoining the sheriff's sale. The Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act bars a federal court from enjoining state court proceedings "unless the injunction falls within one of three specifically defined exceptions." In re Prudential Ins. Co. of America Solo Practices Litig., 314 F.3d 99, 103 (3d Cir. 2002) (quoting Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 286 (1970)).
>
> The Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings. See, e.g., Coppedge v.

2

Conway, Civ. A. No. 14-1477, 2015 WL 168839, at **1-2 (D. Del. Jan. 12, 2015) (Anti-Injunction Act prohibited federal court from enjoining sheriff's sale ordered by state court); Rhett v. Div. of Hous., Dep't of Cmty. Affairs, Civ. A. No. 14-5055, 2014 WL 7051787, at *3 (D.N.J. Dec. 12, 2014) ("[T]o the extent Plaintiff requests that this Court dismiss the eviction proceedings or order them transferred to this Court, the Anti–Injunction Act prohibits this Court from taking such action."); E. Liggon-Redding v. Generations, Civ. A. No. 14-3191, 2014 WL 2805097, at *2 (D.N.J. June 20, 2014) (holding that under the Anti–Injunction Act, federal courts generally "lack the authority to stay any state court proceedings, including Eviction Actions"); Mason v. Bank of Am., N.A., Civ. A. No. 13-3966, 2013 WL 5574439, at *7 (E.D. Pa. Oct. 19, 2013) ("Courts within the Eastern District of Pennsylvania have declined to enjoin state court proceedings involving foreclosures and sheriff's sales pursuant to the Anti–Injunction Act.").

Therefore, because we lack jurisdiction to enjoin the state court foreclosure and ejectment proceedings, we must deny [this] request for emergency relief and decline to enjoin the state court proceedings.

McMillan v. Nationstar Mortg. Co., No. CV 20-1321, 2020 WL 4201605, at *2

(E.D. Pa. July 22, 2020). Accordingly, this request is DENIED.

So ordered this 24th day of June, 2022.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge