**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY PAPAPIETRO,** | : | **Civil No. 3:22-CV-948** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Mannion)** |
| **v.** | : | |
| | : | |
| **BANK OF AMERICA, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

## I.    Procedural History and Factual Background

Anthony Papapietro, the *pro se* plaintiff, commenced this lawsuit on June 15, 2022, by the filing of a Notice of Removal, which purported to remove a state mortgage foreclosure case filed in 2017 into federal court. (Doc. 1). Noting that there appeared to be potentially fatal flaws in this pleading in terms of its timeliness and merits, but mindful of the teachings of the Court of Appeals, which cautions against any *sua sponte* decision by a district court to order the remand of a removed case, see In re FMC Corp. Packaging Sys. Div., 208 F.3d 445, 450 (3d Cir. 2000), we ordered that a copy of this removal petition be served upon counsel for the plaintiff in the underlying state court action and instructed the state court

plaintiff to file a motion to dismiss or remand this action to state court on or before June 30, 2022.[1] (Doc. 5).

Bank of America has now filed this motion to remand which recites that the bank commenced this foreclosure action in the Court of Common Pleas of Wayne County on July 17, 2017. (Doc. 10). Following extensive pre-trial litigation, the case proceeded to trial in March of 2020, and the state trial court entered a verdict in favor of the bank on April 24, 2020. Papapietro appealed this decision through the state appellate court system, but to no avail. On January 12, 2022, the Pennsylvania Supreme Court denied Papapietro's petition for allowance of appeal. With a final judgment entered in the state court foreclosure action, a Sheriff's sale was scheduled in this case on July 13, 2022. It is this scheduled Sheriff's sale which appears to have inspired Papapietro to file this belated removal petition.

Case against the backdrop of this state court procedural history, Bank of America has now filed a motion to remand this case to state court, arguing that the removal petition is both untimely and barred by *res judicata* and the <u>Rooker-Feldman</u> doctrine. Papapietro has responded to this remand motion. Accordingly,

---

[1] Our scheduling order also instructed Papapietro to respond to any remand motion by July 15, 2022. In response to this order, Papapietro filed a motion for preliminary injunction which shed light on the timing of this tardy removal petition, in that Papapietro sought to enjoin a sheriff's sale which was scheduled for July 13, 2022. (Docs. 6 and 8). We denied this request, as we were required to do by law. (Doc. 7).

this matter is now ripe for resolution. For the reasons set forth below, we agree that removal of this case is untimely and inappropriate. Therefore, we recommend that this case be remanded to state court.

## II.   Discussion

### A.   Removal Jurisdiction Legal Prerequisites

Removal of cases is governed 28 U.S.C. § 1446, which provides as follows:

> (**a**) **Generally.**--A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

> (**b**) **Requirements; generally.--(1)** *The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based*, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(a)-(b) (emphasis added).

Thus, by its terms, § 1446 commands parties seeking removal to act in a prompt and timely fashion, directing removing parties to seek removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of

the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Id.

It is well settled that "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) (citations omitted)). Therefore, "a party who urges jurisdiction on a federal court bears the burden of proving that" removal is appropriate. Id. Thus, as we have observed in the past, when considering tardy removal petitions, we are guided by several basic legal precepts. In this setting:

> The defendants bear the burden of establishing removal jurisdiction and demonstrating compliance with all pertinent procedural requirements. Boyer v. Snap–On Tools Corp., 913 F.2d 108, 111 (3d Cir.), cert. denied, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard, Inc., 809 F.2d 1006, 1011 (3d Cir.1987). Removal statutes are to be strictly construed and all doubts resolved in favor of remand. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Boyer, 913 F.2d at 111; Landman v. Borough of Bristol, 896 F.Supp. 406, 408 (E.D.Pa.1995). One of the procedural requirements of removal is that the defendants must remove the case within thirty days of service of the complaint. 28 U.S.C. § 1446(b).

Shadie v. Aventis Pasteur, Inc., 254 F. Supp. 2d 509, 514 (M.D. Pa. 2003) Moreover, while the 30-day removal deadline prescribed by § 1446(b) is not jurisdictional, courts generally agree that there is no discretion—the 30-day filing

requirement for removal petitions is mandatory. <u>See e.g.</u>, <u>Blue Cross of Ne. Pa. v. New Life Homecare</u>, 2008 WL 1902414, at *2 (M.D. Pa. Apr. 25, 2008); <u>Adams v. Western Steel Bldgs., Inc.</u>, 296 F.Supp. 759, 761 (D. Colo. 1969); <u>Pottstown Daily News Publishing Co. v. Pottsdown Broadcasting Co.</u>, 247 F.Supp. 578, 583-84 (E.D. Pa. 1965); <u>Maybruck v. Haim</u>, 290 F.Supp. 721 (E.D. Pa. 1962); <u>Wisseman v. La Chance</u>, 209 F.Supp. 807 (E.D.N.C. 1962); <u>Putterman v. Daveler</u>, 169 F.Supp. 125 (D. Del. 1958); <u>Sunbeam Corp. v. Brazin</u>, 138 F.Supp. 723 (E.D. Ky. 1956); <u>Green v. Zuck</u>, 133 F.Supp. 436 (S.D.N.Y. 1955); <u>see also</u> 1A Moore, Federal Practice, 1345 (1965).

### B.  **This Motion to Remand Should Be Granted.**

Judged against these benchmarks, Bank of America is entitled to the remand of this action to the Court of Common Pleas of Wayne County. The removal petition filed by Papapietro conclusively demonstrates that Papapietro allowed approximately 1,175 days to elapse after service of the state court mortgage foreclosure complaint in 2017 before seeking to remove this case to federal court. Since "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand,' " <u>Boyer</u>, 913 F.2d at 111, and "the thirty-day requirement for filing of a removal petition is mandatory," <u>Blue Cross of Ne. Pa.</u>, 2008 WL 1902414, at *2, we should not countenance this effort to discount

these statutory deadlines, and use this court's removal jurisdiction in a fashion which does violence to comity between the state and federal courts, is disruptive of judicial economy, and violates the animating principles which guide our entire legal system, a system designed to promote the timely and fair resolution of cases.

These principles apply with particular force here, where Papapietro seeks to remove this action to federal court so that he may attempt to enjoin a Sheriff's sale in this foreclosure action following the trial and state court appeals in this case. To the extent that this removal petition invites this Court to enjoin aspects of a longstanding state mortgage foreclosure lawsuit at this late date, and in effect calls upon us to dictate a new and different result in this state case, this *pro se* pleading runs afoul of several settled tenet of federal law.

First, this proposed course of action is contrary to the <u>Younger</u> abstention doctrine. The <u>Younger</u> abstention doctrine is inspired by basic considerations of comity that are fundamental to our federal system of government. As defined by the courts:

> <u>Younger</u> abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding. <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37, 41 (1971) ("[W]e have concluded that the judgment of the District Court, enjoining appellant Younger from prosecuting under these California statutes, must be reversed as a violation of the national policy forbidding

6

federal courts to stay or enjoin pending state court proceedings except under special circumstances.").

Kendall v. Russell, 572 F.3d 126, 130 (3d Cir. 2009).

This doctrine, which is informed by principles of comity, is also guided by these same principles in its application. As the Third Circuit has observed:

> "A federal district court has discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding." Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir.2005) (citing Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)). As noted earlier, the Younger doctrine allows a district court to abstain, but that discretion can properly be exercised only when (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Matusow v. Trans-County Title Agency, LLC, 545 F.3d 241, 248 (3d Cir.2008).

Kendall, 572 F.3d at 131.

Once these three legal requirements for Younger abstention are met, the decision to abstain rests in the sound discretion of the district court and will not be disturbed absent an abuse of that discretion. Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319, 325 (3d Cir. 2004). Moreover, applying these standards, federal courts frequently abstain from intervening in and enjoining state mortgage foreclosure actions.  See e.g., Gray v. Pagano, 287 F. App'x 155, 157 (3d Cir. 2008); Gochenaur v. Juniata Valley Bank, No. 1:17-CV-

7

743, 2017 WL 3405114, at *1 (M.D. Pa. June 22, 2017), <u>report and recommendation adopted,</u> No. 1:17-CV-743, 2017 WL 3401284 (M.D. Pa. Aug. 8, 2017); <u>Colahar v. Wells Fargo Bank N.A.</u>, 56 F. Supp. 3d 608, 612 (D. Del. 2014).

In this case, the plaintiff's *pro se* removal petition reveals that all of the legal prerequisites for <u>Younger</u> abstention are present here with respect to those claims that seek to enjoin this state mortgage foreclosure case. First, it is evident that there are state proceedings in this case. Second, it is also apparent that those proceedings have afforded Papapietro a full and fair opportunity to litigate the issues raised in this removal petition in this state case. <u>See</u> <u>Sullivan v. Linebaugh</u>, 362 F. App'x 248, 249-50 (3d Cir. 2010). Finally, it is also clear that the state proceedings implicate important state interests. <u>Gray</u>, 287 F. App'x at 157; <u>Colahar</u>, 56 F. Supp. 3d at 612.

Since the legal requirements for <u>Younger</u> abstention are fully met here, the decision to abstain rests in the sound discretion of this Court. <u>Lui</u>, 369 F.3d at 325. However, given the important state interests at stake here, and recognizing that the state courts are prepared to fully address the merits of these matters, we believe that the proper exercise of this discretion weighs in favor of continued abstention and the remand of this case to state court where these issues are, and can be, fully addressed. <u>See</u> <u>Gray</u>, 287 F. App'x at 157; <u>Colahar</u>, 56 F.Supp.3d at 612.

Further we note that to the extent that the plaintiff asks that we enjoin this sale, we are prohibited from doing so by the Anti-Injunction Act, 28 U.S.C. § 2283. As another court has recently explained when considering, and denying, a similar request:

> The Anti-Injunction Act prohibits a federal court from enjoining the sheriff's sale. The Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act bars a federal court from enjoining state court proceedings "unless the injunction falls within one of three specifically defined exceptions." In re Prudential Ins. Co. of America Solo Practices Litig., 314 F.3d 99, 103 (3d Cir. 2002) (quoting Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 286 (1970)).

> The Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings. See, e.g., Coppedge v. Conway, Civ. A. No. 14-1477, 2015 WL 168839, at **1-2 (D. Del. Jan. 12, 2015) (Anti-Injunction Act prohibited federal court from enjoining sheriff's sale ordered by state court); Rhett v. Div. of Hous., Dep't of Cmty. Affairs, Civ. A. No. 14-5055, 2014 WL 7051787, at *3 (D.N.J. Dec. 12, 2014) ("[T]o the extent Plaintiff requests that this Court dismiss the eviction proceedings or order them transferred to this Court, the Anti–Injunction Act prohibits this Court from taking such action."); E. Liggon-Redding v. Generations, Civ. A. No. 14-3191, 2014 WL 2805097, at *2 (D.N.J. June 20, 2014) (holding that under the Anti–Injunction Act, federal courts generally "lack the authority to stay any state court proceedings, including Eviction Actions"); Mason v. Bank of Am., N.A., Civ. A. No. 13-3966, 2013 WL 5574439, at *7 (E.D. Pa. Oct. 19, 2013) ("Courts within the Eastern District of Pennsylvania have declined to enjoin state court proceedings involving foreclosures and sheriff's sales pursuant to the Anti–Injunction Act.").

> Therefore, because we lack jurisdiction to enjoin the state court
> foreclosure and ejectment proceedings, we must deny [this] request
> for emergency relief and decline to enjoin the state court proceedings.

McMillan v. Nationstar Mortg. Co., No. CV 20-1321, 2020 WL 4201605, at *2

(E.D. Pa. July 22, 2020). Thus, we cannot afford Papapietro the relief which he

belatedly seeks in this petition, and injunction halting this state foreclosure action

five years after the state action began and on the eve of a sheriff's sale.

Given that this petition is untimely, and the relief sought by Papapietro

simply is not available at this late hour, the motion to remand should be granted

and this case should be remanded to the Court of Common Pleas of Wayne

County.

## III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the

motion to remand (Doc. 10) be GRANTED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within
> fourteen (14) days after being served with a copy thereof. Such party
> shall file with the clerk of court, and serve on the magistrate judge and
> all parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to
> which objection is made and the basis for such objections. The

briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 13th  day of July 2022.

*s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
