UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

**BANK OF AMERICA, N.A.,** *et al.*,     :

        **Plaintiffs**     :     CIVIL ACTION NO. 3:22-948

    **v.**     :     (MANNION, D.J.)
                               (CARLSON, M.J.)

**ANTHONY PAPAPIETRO,**     :

        **Defendant**     :

# O R D E R[1]

Initially, the court will direct the clerk of court to correct the docket in this case since the parties' designation as "plaintiff" and "defendants" are incorrect. It appears, upon removal from the Wayne County Court of the mortgage foreclosure action commenced by Bank of America, N.A. against defendant Anthony Papapietro, Papapietro erroneously captioned himself as the *"plaintiff"* in his notice of removal filed in federal court. (Doc. 1). If Papapietro was the plaintiff, he would have had no right or authority to remove this case to federal court. *See* Stanley v. Lowe's Companies, Inc., 2020 WL 1531387, at *2 (D. N.J. Mar. 31, 2020) ("A *defendant* may remove

---

[1] Since the complete background of this case is stated in the Report, (Doc. 13), as well as in the plaintiff Bank of America's motion to remand and Exhibits, (Doc. 10), it is not fully repeated herein.

a civil action filed to federal court if the federal court would have original jurisdiction to hear the matter in the first instance." (emphasis added)) (citing 28 U.S.C. §1441(a); Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)). As such, the clerk of court is directed to correct the caption on this case as reflected above.

Pending before the court is the July 13, 2022 Report of Magistrate Judge Martin C. Carlson, (Doc. 13), which recommends that the court grant the motion to remand to state court, (Doc. 10), filed by the plaintiff Bank of America since defendant Papapietro's removal is untimely and barred by various doctrines.

To date neither the plaintiffs nor defendant Papapietro have filed any objections to the Report and the time within which they were due has expired. Upon review, the Report of Judge Carlson will be adopted in its entirety.

Even when no objections are filed to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Further, whether

timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.[2]

The Report provides a thorough analysis regarding Bank of America's instant motion to remand and it shall not be repeated herein. Suffice to say that the Report properly concludes that defendant Papapietro's removal to federal court was clearly untimely, and that the court should exercise its discretion to abstain from allowing the removal of this mortgage foreclosure action under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746 (1971). The Report also correctly finds that to the extent defendant Papapietro seeks this federal court to enjoin the sheriff's sale of his former real properties, the court lacks jurisdiction to do so and is barred from doing so by the Anti-Injunction Act, 28 U.S.C. §2283. Thus, as the Report concludes, "[the court] cannot afford Papapietro the relief which he belatedly seeks in this petition, and injunction halting this state foreclosure action five years after the state action began and on the eve of a sheriff's sale." (Doc. 13 at 10).

---

[2]Since the Report states the correct legal standards as well as the correct case law regarding the analysis of Bank of America's motion to remand pursuant to 28 U.S.C. §1441 and §1446, they will not be repeated herein.

In short, the court has reviewed the submissions of the parties regarding Bank of America's motion to remand, as well as the Report, and finds that the relevant issues were thoroughly addressed by Judge Carlson in his Report.[3] The court also finds no clear error of record with regard to Judge Carlson's findings. Moreover, the court agrees with the sound reasoning that led Judge Carlson to the conclusions in his Report. As such, the court will adopt the Report of Judge Carlson, as the decision of the court.

In light of the foregoing, **IT IS HEREBY ORDERED THAT:**

**(1)** The report and recommendation of Judge Carlson, **(Doc. 13)**, is **ADOPTED in its entirety**, as the ruling of the court.

**(2)** Plaintiff Bank of America's motion to remand this case to the Court of Common Pleas of Wayne County, **(Doc. 10)**, is **GRANTED**.

---

[3] The court notes that even if defendant Papapietro's removal petition was timely, "this [federal] court does not have jurisdiction by reason of a federal question under 28 U.S.C. §1331", since plaintiff Bank of America "filed an action to foreclose a mortgage, a state law case, that does not arise under federal law." Bank of New York, Mellon v. Hegedus, 2022 WL 613456 (D. De. March 2, 2022) (citing Green Tree Servicing LLC v. Dillard, 88 F.Supp.3d 399, 402 (D. N.J. 2015) (court ordered remand because mortgage foreclosure is a state law case)).

- 5 -

**(3)** The clerk of court is directed to **REMAND** this case to the Court of

Common Pleas of Wayne County, and to mark the case **CLOSED** in

this federal court.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: August 18, 2022**
22-948-01